HOOD, Judge
(dissenting).
I am unable to agree with the majority that plaintiff was free from contributory negligence.
As noted by my colleagues, the tank trailer with which plaintiff collided was painted white, and it was equipped with three clearance lights along the left side of the tank, that being the side which was struck by plaintiff’s car. These side-clearance lights were located in a straight line across the middle of the white tank, one being in the center and the other two being near each end. Two of these clearance lights were orange and the one nearest the rear was red. They were burning at the time the collision occurred, and they should have been clearly visible to plaintiff long before he reached the tank trailer.
There were other lights on the tractor-trailer combination which were not mentioned by the majority. Two directional signal lights, for instance, were located on the front fenders of the tractor, with amber lights facing forward and red lights facing the rear. These directional signal lights were blinking when the accident occurred, and I can conceive of no reason why plaintiff should not have seen them long before he reached the truck. There also were two cab lights located on the top, and on each side, of the cab of the tractor. These were above the headlights, they were burning and they could have been seen by St. Amand if he had been looking.
My colleagues state that the headlights of the truck were facing “northward,” and they may have been under the erroneous impression that they were facing directly toward plaintiff as he approached. Actually, the headlights of the truck were facing northeasterly, at a substantial angle away from plaintiff, and thus they should not and could not have blinded him.
With reference to the direction in which the truck-tractor was facing on this north-south highway as plaintiff approached, the state trooper who investigated the accident testified that it was facing in a “northeasterly direction.” He stated, in fact, that the truck was facing at such an angle that, with reference to the white center line on the highway, the right front wheel of the tractor was “just inside the white line” and the left front wheel was “more or less right on the center portion.” This indicates that the truck-tractor was facing more east than north when it was struck. The photographs which were taken of the vehicles immediately after the accident occurred, and before they were moved, show clearly that the truck-tractor was facing northeast, at about a 45 degree angle, and that the headlights were not facing plaintiff as the latter approached. My colleagues significantly do not find that plaintiff was blinded by the headlights of the truck, and yet they hold that he was not negligent in running into a gleaming white well lighted tank in the highway ahead of him.
No citations are necessary for the well settled principle of law that a motorist must maintain such control over his vehicle that he can stop within the range of his vision, and that he is negligent if he fails to see that which he should see.
The trial judge who saw and heard the witnesses concluded “the Court is of the opinion from the evidence that there were no unusual circumstances to prevent the plaintiff from seeing the truck in his lane of traffic in sufficient time to have stopped if he had not been exceeding the speed limit.” The majority has reversed the trial court on this factual finding. I think they have erred in doing so, even under the facts shown in the majority opinion.
For these reasons, I respectfully dissent.
On Application for Rehearing.
En Banc. Rehearing denied.